often as she deems appropriate—including at any time there is a pattern or practice of non-compliance[25]—and is authorized to use the Attorney General to enforce her orders.[26]

█ Under our system of government, however, the Judiciary cannot substitute its own judgment for that of the legislative branch. Section 2118B does not give the Judiciary a mandate to act in the role of the Insurance Commissioner or to read into § 2118B(c) mandates that the General Assembly could have, but did not, adopt. For these reasons, we agree with the Superior Court that the proposed amended complaint was futile and therefore that the court properly denied leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Superior Court's decisions of March 30, 2015 and June 23, 2015 are affirmed.

■

**Jerome FRANKS, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 593, 2015**

Supreme Court of Delaware.

Submitted: November 25, 2015

Decided: January 11, 2016

AFFIRMED.

■

**Kevin W. JONES, Defendant Below–Appellant,**

v.

25. *See* 18 *Del. C.* § 317 (explaining that the Commissioner has the authority "to determine whether any person has violated" the Insurance Code); *State Farm Mut. Auto. Ins. Co. v. Hale*, 297 A.2d 416, 418 (Del.Ch.1972) (explaining that "[t]he Insurance Commissioner is charged with enforcing the provisions of the Insurance Code" and has the authority to determine when a violation occurs); *Davis v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1379562 (Del.Super. Feb. 15, 2011) ("The Insurance Commissioner has the power to conduct an examination or investigation of any company as she deems proper to determine whether a violation of the Insurance Code has occurred."), *aff'd*, 2011 WL 4440073 (Del. Sept. 26, 2011).

26. *See Stewart v. Wilmington Tr. SP Servs., Inc.*, 112 A.3d 271, 314 (Del.Ch.2015) ("In the case of Delaware insurance regulation, however, no private enforcement scheme exists; to the contrary, the [Insurance Commissioner] has been given significant authority.... The statute does not suggest that the Legislature intended private causes of action to play a part in its enforcement...."), *aff'd*, 2015 WL 6672222 (Del. Nov. 2, 2015); *id.* at 314 n. 209 (observing that "the Commissioner [has] broad authority to institute proceedings through the Attorney General to enforce" any violations of the Insurance Code).

STATE of Delaware, Plaintiff Below–Appellee.

No. 598, 2015

Supreme Court of Delaware.

Submitted: November 20, 2015
Decided: January 12, 2016

AFFIRMED.

Lavar W. HALL, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 234, 2015

Supreme Court of Delaware.

Submitted: November 12, 2015
Decided: January 12, 2016

AFFIRMED.

Jennifer N. BARRETT and Jack V. Barrett, Jr.,[1] Respondents Below, Appellants,

v.

DIVISION OF FAMILY SERVICES, Petition Petitioner Below, Appellee.

No. 186, 2015

Supreme Court of Delaware.

Submitted: January 13, 2016
Decided: January 13, 2016

AFFIRMED.

IN RE: ESTATE OF Bennie P. FARREN

Patricia A. McGlaughlin, as Successor Trustee of The Hercules Living Trust and Beneficiary of The Hercules Living Trust, Petitioner,

v.

Andrew P. Farren, as Executor of the Estate of Bennie P. Farren under the Will of Bennie P. Farren, and in His Individual Capacity, Respondent.

C.A. No. 8714–MA, C.A. No. 9385–MA

Court of Chancery of Delaware.

Date Submitted: October 23, 2015
Date Decided: January 19, 2016

1. The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).